90 A.3d 1253

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT,
v. JOHN C. BLANN, A/K/A JOHN C. BLAND,
DEFENDANT–RESPONDENT.

Argued April 9, 2014—Decided May 28, 2014.

*Deborah A. Hay,* Special Deputy Attorney General, argued the cause for appellant (*James P. McClain,* Acting Atlantic County Prosecutor, attorney).

*Laura B. Lasota,* Assistant Deputy Public Defender, argued the cause for respondent (*Joseph E. Krakora,* Public Defender, attorney).

PER CURIAM.

The judgment of the Appellate Division is reversed substantially for the reasons expressed in Judge Lisa's opinion. *State v. Blann,* 429 *N.J.Super.* 220, 235, 57 *A.*3d 1102 (App.Div.2013) (Lisa, J.A.D., retired and temporarily assigned on recall, dissenting).

Judge Lisa reviewed the current case law and practice relating to requests by defendants to waive the right to a jury trial. *Id.* at 240–44, 57 *A.*3d 1102. He thoughtfully observed that judges should engage in a more probing "colloquy with defendants to further be assured that, before granting a waiver, a defendant possesses a deeper understanding of the choice he or she has." *Id.* at 246, 57 *A.*3d 1102. To that end, Judge Lisa outlined four points that should be included in a signed written waiver form and probed during the court's colloquy, namely, that defendant

has ... been advised that (1) a jury is composed of 12 members of the community, (2) a defendant may participate in the selection of jurors, (3) all 12 jurors must unanimously vote to convict in order for a conviction to be obtained, and (4) if a defendant waives a jury trial, a judge alone will decide his/her guilt or innocence.

[*Id.* at 250, 57 *A.*3d 1102.]

We rely on our supervisory powers under Article VI, Section 2, Paragraph 3 of the State Constitution to require (1) that an official jury waiver form containing the above four items be prepared for use in connection with *Rule* 1:8–1(a), and (2) that trial judges engage in a colloquy with defendants that includes those four items, at a minimum, to assess the voluntariness of a waiver request. *See State v. Henderson,* 208 *N.J.* 208, 254–55, 270–71, 27 *A.*3d 872 (2011) (relying on supervisory powers to require full record of identification procedures); *State v. Delgado,* 188 *N.J.* 48, 63, 902 *A.*2d 888 (2006) (same). We ask the Director of the Administrative Office of the Courts to help implement the above approach within thirty days.

We reverse the judgment of the Appellate Division and reinstate defendant's conviction. Defendant can pursue his jury waiver argument in a proceeding for post-conviction relief.

*For reversal and reinstatement*—Chief Justice RABNER and Justices LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ–VINA and Judges RODRÍGUEZ (temporarily assigned) and CUFF (temporarily assigned)—7.

*Opposed*—None.