**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1503-22

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

E.K.,[1]

 Defendant-Appellant.

_____

Submitted February 5, 2024 – Decided July 5, 2024

Before Judges DeAlmeida and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. A-05-22.

Hegge & Confusione, LLC, attorneys for appellant (Michael Confusione, of counsel and on the briefs).

Christine A. Hoffman, Acting Gloucester County Prosecutor, attorney for respondent (Narline Camisir, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

---

[1] We identify defendant by initials to protect the identity of the victim of domestic violence. R. 1:38-3(c)(12).

PER CURIAM

Defendant, E.K., appeals his conviction for simple assault, N.J.S.A. 2C:12-1(a)(1), after de novo trial in the Law Division. He argues: 1) the virtual nature of the municipal court proceedings and his alleged failure to consent to a virtual trial violated his due process rights; 2) the municipal court improperly admitted impermissible and prejudicial evidence; 3) his trial counsel was ineffective; and 4) there was insufficient evidence to sustain his conviction. We are unpersuaded and affirm the Law Division's judgment of conviction.

I.

The Law Division found the following facts, based on the testimony given before the Franklin Township Municipal Court. Defendant was initially charged with aggravated assault, but that charge was downgraded to simple assault, N.J.S.A. 2C:12–1(a)(1), and the matter was transferred to municipal court. Prior to trial, the court inquired as to whether the trial could proceed virtually because of the COVID-19 pandemic or in person, and defendant's counsel confirmed he preferred a virtual trial because of personal medical reasons. The court also addressed defendant personally regarding this decision, and confirmed the trial would be virtual. Defendant replied "ok" and did not raise any objection. The trial before the municipal court proceeded virtually.

2

Two witnesses testified at trial: defendant and his wife, K.O. The witnesses gave differing accounts of what occurred during the altercation. The parties agreed that on January 23, 2021, defendant and K.O. argued over their daughter's missing birth certificate, which led to a physical altercation in the presence of their three children. Both witnesses testified the other was the aggressor. Specifically, K.O. testified defendant escalated their argument by punching her in the face, injuring her eye, and causing her to fall to the ground. She stated they were "into each other's face," but she did not physically touch defendant, except to hold his shirt when she got up from the ground. She testified, after seeking medical treatment and as a result of the injury, she developed glaucoma requiring medication. However, the municipal court judge found "[n]o competent medical evidence was presented by the State with regard to this diagnosis." The municipal court judge characterized her testimony as "indicating that she did not call the police on the date of the incident but later filed a report after consideration of and making a vague reference to past abuse."

Over the State's objection, defendant's counsel was permitted to engage K.O. in a line of questioning to demonstrate the assault accusation was being made to "posture" in a pending custody litigation. In response, K.O. testified

"defendant . . . [had] subjected [her to] pushing, shoving, placing his hands on her neck, and constant verbal abuse" in the past.

Defendant offered a different version of events. He confirmed the genesis of the argument, but stated K.O. initiated the physical altercation by "slapping him during the argument." Further, he claimed that while he was trying to evade her, both of his sons were attempting to pull him away and she began to hit them, which allowed him to escape to another room. To support this testimony defendant offered two exhibits: a photo of himself showing a bloody lip and a video of their twelve-year-old daughter, where she stated defendant did not physically assault her mother and "her mother was the aggressor." Both exhibits were admitted. Defendant denied striking his wife.

The municipal court found defendant guilty of simple assault, imposed a fine, plus costs and assessments, and declined to order any jail time. The municipal judge stated he "believe[ed] the victim" and concluded K.O.'s delay in reporting the incident and lack of photos of the injury did not weigh into his determination of her credibility. The judge mentioned his experience with individuals seeking temporary restraining orders to explain why the delay in K.O. notifying police did not weigh against her and was dependent on the

4

circumstances. The municipal judge also noted there was not sufficient evidence of K.O.'s alleged medical diagnosis.

Defendant appealed his conviction to the Law Division, presenting nine arguments. After conducting a de novo trial based on the municipal court record, the Law Division issued a written opinion and order finding defendant guilty of simple assault in violation of N.J.S.A. 2C:12-1(a)(1), imposing the same penalties and fines as the municipal court, and amending the final judgment of conviction to include a $100 domestic violence surcharge to defendant's fine as "required by N.J.S.A. 2C:25-19."

## II.

Defendant now appeals his conviction by the Law Division. He posits the following arguments:

> POINT I- DEFENDANT WAS DEPRIVED OF HIS RIGHT TO AN IN-PERSON TRIAL IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, PARAGRAPHS 1 AND 10 OF THE NEW JERSEY CONSTITUTION; DEFENDANT'S COUNSEL WAS INEFFECTIVE, IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION, IN PRECIPITATING THE VIRTUAL TRIAL OR ALLOWING IT TO HAPPEN WHEN HE HAD A DUTY TO LEAVE THE QUESTION TO THE DEFENDANT AND HONOR

5

THE DEFENDANT'S RIGHT, WHICH WAS OFFERED BY THE COURT, TO AN IN-PERSON TRIAL.

POINT II- THE MUNICIPAL JUDGE HEARD INADMISSIBLE AND PREJUDICIAL EVIDENCE THAT, CUMULATIVELY, UNFAIRLY PREJUDICED THE DECISION-MAKING JUDGE AGAINST DEFENDANT.

POINT III- THERE IS NOT SUFFICIENT CREDIBLE EVIDENCE PRESENT IN THE RECORD TO UPHOLD THE FINDING OF THE LAW DIVISION.

Our review of a Law Division's determination following a de novo conviction by the Law Division is limited. State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005); see State v. Locurto, 157 N.J. 463, 470 (1999). On an appeal of a municipal conviction to the Law Division, the Law Division must decide the matter de novo based on the record developed before the municipal court. State v. Adubato, 420 N.J. Super. 167, 176 (App. Div. 2011) (citing R. 3:23-8(a)). We review "the action of the Law Division and not that of the municipal court," Adubato, 420 N.J. Super. at 175-176, to decide whether the factual findings were supported by sufficient credible evidence in the record, State v. Stas, 212 N.J. 37, 49 (2012) (quoting Locurto, 157 N.J. at 470-71). Where both the municipal judge and the Law Division judge have made consistent credibility findings, we owe a particularly strong deference to

6

those dual determinations.  See Locurto, 157 N.J. at 474.  We review the Law Division's legal conclusions de novo.  State v. Kuropchak, 221 N.J. 368, 383 (2015); see State v. Rivera, 411 N.J. Super. 492, 497 (App. Div. 2010).

A. Inadmissible Evidence.

Defendant contends the Law Division erred in failing to find the municipal court judge improperly admitted and relied upon his experience as a judge who heard applications for temporary restraining orders, and heard uncorroborated and impermissible testimony of the victim's glaucoma diagnosis and defendant's alleged prior history of domestic violence.  We disagree.

Initially, we point out that the municipal court's findings are not relevant to this appeal because the Law Division made new de novo findings based on its review of the record. See Adubato, 420 N.J. Super. at 176 (citing R. 3:23-8(a)). Moreover, the municipal court stated in its findings of fact that it did not consider the prior history of domestic violence, the delay in filing the complaint, the hearsay statements of the parties' daughter, or the glaucoma diagnosis. Therefore, the Law Division's determinations regarding this evidence are supported by the record.  Specifically, the Law Division correctly noted that although the municipal court

> heard certain evidence that may have been excluded
> under New Jersey Rules of Evidence (the glaucoma

7

diagnosis uttered by the complainant; the past history of domestic violence elicited from both the complainant and the defendant during the course of the trial, and the pure hearsay statement admitted from the parties' [twelve-year-old] daughter), the court, essentially discounted any reliance upon those portions of asserted evidence, and found that, "I believe the victim." In making the finding of the defendant's guilt, the court did make reference to the defendant's testimony and evidence presented but found that the state's complaining witness was more credible, while not intoning those specific words.

Additionally, the Law Division correctly found the municipal judge drew from his experience as a judge to "simply relat[e] a foundation" for his finding that K.O.'s delay in notifying the police was "not always determinative [of] a complainant's veracity."

B. Simple Assault.

Defendant's argument that the Law Division erred because his conviction was not based on sufficient credible evidence is belied by the record. The Law Division did not find K.O. was the initial aggressor, as defendant asserts. Instead, it accepted the State's proof and found defendant engaged in a verbal altercation with his wife, which progressed to a physical altercation where defendant punched her with enough force that she fell back and sustained injury to her eye, requiring medical treatment. The court acknowledged their daughter's hearsay statement in the admitted video, upon which defendant relies,

8

but did not rely upon the testimony of defendant's prior acts of alleged violence, or the alleged medical diagnosis.

It also properly agreed with the municipal court's credibility determinations, where the court stated it believed K.O., she was more credible, her "testimony held up under cross examination, and her delay in reporting or lack of photographed injuries did not weigh against her veracity."  The Law Division's findings are sufficient to sustain a conviction for simple assault.  See N.J.S.A. 2C:12-1(a).[2]

C.  Constitutional Claims.

Defendant relies upon State v. Robertson, 333 N.J. Super. 499 (App. Div. 2000), in asserting the Law Division erred in finding the municipal court did not violate his due process rights when it conducted the trial virtually, and his counsel was ineffective for failing to preserve this right.  He also contends the

---

[2]  A person is guilty of simple assault pursuant to N.J.S.A. 2C:12-1(a) if the person:

> (1)    [a]ttempts to cause or purposely, knowingly, or recklessly causes bodily injury to another; or
>
> (2)    [n]egligently causes bodily injury to another with a deadly weapon; or
>
> (3) [a]ttempts by physical menace to put another in fear of imminent serious bodily injury.

A-1503-22

court's error was manifested during the virtual proceeding when there were many "'inaudible' portions of testimony" in the transcript.  We are satisfied the virtual proceedings did not violate defendant's procedural due process rights or otherwise warrant reversal.

Defendant was present when the court considered whether to hold a virtual trial and gave his affirmative consent.  Defendant never objected or questioned the decision, even after the court addressed him specifically regarding his schedule and whether he consented. The record does not show, and he does not assert, he requested an in-person trial.

Fundamentally, "[d]ue process is not a fixed concept [and] requires an opportunity to be heard at a meaningful time and in a meaningful manner.  The minimum requirements of due process, therefore, are notice and the opportunity to be heard." Doe v. Poritz, 142 N.J. 1, 106 (1995) (citations omitted). Defendant was present for all proceedings virtually, including his trial, and testified.  Proceedings conducted virtually, by telephone, or other electronic means do not violate a party's due process right.  See Div. of Youth & Fam. Servs. v. M.Y.J.P., 360 N.J. Super. 426, 468 (App. Div. 2003) (holding a parent is "afforded due process where the parent receives notice, is represented by

counsel, and is given an opportunity to testify by telephone or deposition"); State v. Vega-Larregui, 246 N.J. 94, 127-131 (2021).

Defendant's attorney thoroughly cross-examined the complainant, responded to objections, and introduced evidence without difficulty. The virtual trial was conducted appropriately without incident or deprivation of defendant's rights. As the Law Division observed, defendant's counsel admitted the "'inaudible' portions of the trial testimony denoted in the transcript" were insignificant.

Lastly, defendant's reliance on Robertson, and two other rulings is misplaced. Defendant improperly relies on Robertson, 333 N.J. Super. at 509 (holding defense counsel could not waive a defendant's presence at a hearing unless the "defendant's conduct evidence[d] a knowing, voluntary and unjustified absence" from the courtroom), State v. Blann, 217 N.J. 517, 518 (2014) (holding a defendant may waive his right to a jury trial if he reviews a written waiver and the trial court "engage[s] in a colloquy with defendant[] . . . to assess the voluntariness of a waiver request"), and State v. Tedesco, 214 N.J. 177, 189-190 (2013) (finding that "[a]lthough [a] defendant can waive his constitutional right to appear at sentencing, he cannot force the court to sentence him in absentia"). Each case establishes a defendant's right to be present during

criminal proceedings and addresses his knowing and voluntary waiver of his presence during criminal proceeding, not virtual participation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1503-22