**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0351-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HASAN BRUCE, a/k/a
HASSAN BRUCE,

    Defendant-Appellant.

_____

Argued December 16, 2025 – Decided April 14, 2026

Before Judges Gooden Brown and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 13-04-1116.

Nancy E. Lucianna, Designated Counsel, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Nancy E. Lucianna, on the briefs).

Matthew T. Mills, Assistant Prosecutor, argued the cause for respondent (William E. Reynolds, Atlantic County Prosecutor, attorney; Matthew T. Mills, of counsel and on the brief).

PER CURIAM

Defendant Hasan Bruce appeals from the September 24, 2024 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant was charged in a four-count indictment with first-degree murder, N.J.S.A. 2C:11-3(a)(1), (2) (count one); first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:11-3 (count two); second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count three); and second-degree unlawful possession of a firearm, N.J.S.A. 2C:39-5(b) (count four). The charges stemmed from the fatal shooting of Zachary Taylor in Atlantic City on June 18, 2012. Following a 2015 bench trial, defendant was found guilty of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), as a lesser-included offense of murder, and unlawful possession of a handgun. He was found not guilty of counts two and three. Defendant was sentenced to an eighteen-year term of imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, for aggravated manslaughter, and a consecutive six-year term, with a three-year period of parole ineligibility, on count four.

A-0351-24

We affirmed defendant's convictions and sentence in an unpublished opinion, and the Supreme Court denied certification. State v. Bruce, No. A-1611-15 (App. Div. Jan. 25, 2018), certif. denied, 234 N.J. 9 (2018). In our opinion, we recounted the underlying facts as follows:

> Defendant and the victim were both having a relationship with the same woman. On the day the victim died, defendant's brother[1] went to the victim's home and asked to speak to him. The victim accompanied defendant's brother to a corner where defendant was waiting. A witness testified that the three men were speaking normally[] and were not arguing. When the victim returned to the house, he told the witness that "it was dead," meaning there was no longer a problem.
>
> However, defendant called the victim later that night and argued with him. After the call ended, the victim told his friends that he was about to fight, tucked a gun in his clothing, and left the house. Two of the victim's friends followed from a distance. By this time, defendant and his brother had driven to the middle of the block. Defendant got out of the car.
>
> The victim approached defendant with his arms up and his hands open and empty, and said, "What's up?" Defendant put his hand on the gun he was carrying[,] and he and the victim began walking toward each other. The victim asked defendant what he was reaching for and, when the two men were face to face, the victim moved to "push [defendant] and trie[d] to

---

1 Defendant was tried along with his brother, who faced the same charges. However, the trial judge dismissed the charges against defendant's brother at the end of the State's case.

A-0351-24

reach and [defendant] had [his] hand on [his] gun already." Defendant admitted he "never did see a gun in [the victim's] hand."

Defendant then shot the victim twice. According to the autopsy, the first bullet struck the victim in the base of his neck. Defendant shot the victim a second time in the back as he was running away. The medical examiner testified that either of the two shots would have proven fatal.

Defendant testified he felt threatened because he believed the victim "was a gangster," who sent their mutual girlfriend a threatening text message about defendant a couple of days before the shooting, and had posted a similar message on a social media account. For this reason, defendant stated that he was "not just about to sit around and let [the victim] do something to [him]."

[Id. at 4-6 (all but first three alterations in original).]

At the start of trial, the judge asked defense counsel to state the reason for

waiving a jury trial. Counsel explained he and defendant

discussed the case. We've also discussed various circumstances surrounding the facts of the case. . . . [W]e believe it's a case that should be free from emotion. We believe that based on the State's proofs that it makes out a viable affirmative defense.

And even in the event that . . . Your Honor doesn't believe that it makes out a self-defense case, that [it] is something less than murder . . . . And we believe that a jury may be swayed by emotion rather than the facts and applying those facts to the law.

4

The judge also questioned defendant directly to assess the voluntariness of his decision to waive his right to a jury trial, and defendant executed a written waiver in accordance with Rule 1:8-1(a) and State v. Blann, 217 N.J. 517 (2014).

On November 15, 2022, over seven years after the judgment of conviction was entered, defendant filed a self-represented petition for PCR, arguing he received ineffective assistance of counsel (IAC) at trial. With the assistance of assigned counsel, defendant argued counsel was ineffective for waiving a jury trial and committing other errors that cumulatively prejudiced defendant. Defendant also argued despite Rule 3:22-12's five-year time limitation for filing PCR petitions, his petition was not time-barred due to excusable neglect. In a supporting certification, defendant averred he was never told by trial counsel or the court about "deadlines" for filing PCR petitions. He explained "[d]espite having limited legal resources," he learned about PCR petitions "when [he] was incarcerated" but "improperly assumed that the five-year time bar beg[an] running when all appellate proceedings . . . concluded."

After oral argument, in a September 24, 2024 order, the judge denied defendant's PCR petition without an evidentiary hearing. In an accompanying written decision, the judge determined defendant's petition was time-barred under Rule 3:22-12(a)(1). However, because the judge could find no "evidence

that . . . [defendant] was advised of the time limitations by the [c]ourt on the record or by counsel," defendant certified he was not aware of the time limitations, and the Office of the Public Defender (OPD) had lost defendant's file, the judge "disregard[ed] the time bar and hear[d] the petition on its merits."[2]

Turning to the merits, the judge rejected defendant's claims, finding they "fail[ed] to meet the standard for [IAC]" and "[a]t best," were "bald assertions." The judge explained:

> [Defendant's] first argument is that he was denied effective assistance of counsel when his counsel waived his right to a jury trial. [Defendant] . . . explains why this decision may not have been wise and why it was unusual[] but does not assert how counsel's performance was deficient. The same goes for . . . [defendant's] claims of cumulative errors. Trial strategy is not a basis for deficiency, nor is attempting a strategy that ultimately fails. The errors listed were not deficient and did not fall below a level of reasonable competence. Poor decisions by counsel do not automatically render the errors to be unconstitutional.

This appeal followed.

On appeal, defendant raises the following points for our consideration:

---

[2] The judge also applied <u>Rule</u> 3:22-4 as a procedural bar to defendant's IAC claims, explaining because "[t]he errors alleged were part of the record and known to . . . [defendant] during [the] appeal," defendant "had the opportunity to bring these issues on appeal." <u>See</u> <u>R.</u> 3:22-4 (barring PCR claims not raised in prior appeal under certain circumstances).

POINT ONE

[DEFENDANT] WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY WAIVING A JURY TRIAL.

POINT TWO

[DEFENDANT] WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL MADE ERRORS THAT CUMULATIVELY PREJUDICED THE DEFENDANT.

POINT THREE

EXCUSABLE NEGLECT JUSTIFIES RELAXATION OF THE TIME LIMITATION UNDER [RULE] 3:22-12.

POINT FOUR

PETITIONER'S CLAIMS ARE NOT BARRED.

"[PCR] is New Jersey's analogue to the federal writ of habeas corpus." State v. Afanador, 151 N.J. 41, 49 (1997). "It is a safeguard to ensure that a defendant was not unjustly convicted." Ibid. "Ordinarily, PCR enables a defendant to challenge the legality of a sentence or final judgment of conviction by presenting contentions that could not have been raised on direct appeal." Ibid. However, "[u]nder the Rules of Court, petitions for [PCR] are subject to

7

time and procedural limitations that, if applicable, would foreclose relief." State v. D.D.M., 140 N.J. 83, 86 (1995).

Pertinent to this appeal, "a PCR petition challenging a judgment or conviction is time barred if not filed within five years of the act in question." Afanador, 151 N.J. at 50 (emphasis omitted) (citing R. 3:22-12). Specifically, Rule 3:22-12(a)(1) provides:

> [N]o petition shall be filed pursuant to this rule more than [five] years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged unless . . . it alleges facts showing that the delay beyond said time was due to [the] defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true[,] enforcement of the time bar would result in a fundamental injustice.

"Although Rule 3:22-3 provides that a petition 'may not be filed while [an appeal from the conviction] is available,' the pendency of a direct appeal does not toll the running of the five[-]year limitations period imposed by Rule 3:22-12." State v. Dugan, 289 N.J. Super. 15, 19 (App. Div. 1996) (first alteration in original) (quoting R. 3:22-3).

"In the context of [PCR], a court should only relax the bar of Rule 3:22-12 under exceptional circumstances." Afanador, 151 N.J. at 52. In that regard, a court should consider: "the extent and cause of the delay, the prejudice to the

State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Ibid. (quoting State v. Mitchell, 126 N.J. 565, 580 (1992)). "Absent compelling, extenuating circumstances, the burden to justify filing a [PCR] petition after the five-year period will increase with the extent of the delay" because "[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases." Ibid; see also Dugan, 289 N.J. Super. at 19, 21 (holding "a year and a half" delay "after expiration of the five year period allowed" for filing PCR claims was "significant" and would be prejudicial to the State); State v. McQuaid, 147 N.J. 464, 469, 497-98 (1997) (holding denial of defendant's request for PCR seven years after guilty plea from which he gained substantial benefit would not result in manifest injustice pursuant to Rule 3:21-1); D.D.M., 140 N.J. at 97-98 (holding seven- and eleven-year delays in filing PCR sentencing claims excessive absent compelling circumstances).

> If the [defendant] articulates facts that demonstrate a serious question about his or her guilt or the propriety of the sentence imposed and is prepared to provide factual evidence to support it, then sufficient grounds for relaxing the Rule might exist. In other words, a court should determine that the procedural rule as applied is unjust only when a significant liberty interest is at stake and the [defendant] has offered something more than a bare allegation that that is so.

9

[Mitchell, 126 N.J. at 580.]

"Absent sufficient competent evidence to satisfy [the standards for relaxing the Rule's time restrictions], the court does not have the authority to review the merits of the claim." State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).

Here, it is undisputed defendant's PCR petition was filed more than seven years after the judgment of conviction was entered. Nevertheless, defendant argues his petition is not time-barred because "the record is void of instruction advising [him] . . . of his rights to a PCR." In support, he asserts the OPD lost his file containing the appeals rights form. Despite the loss of defendant's file, the record indicates defendant was informed of his PCR rights. At the conclusion of the sentencing hearing, after the judge explained defendant's appeal rights and inquired whether defendant had "executed the acknowledgment," defense counsel responded in the affirmative, indicating defendant had received and signed an appeal rights form explaining a defendant's PCR rights as well as the applicable time limitations. See R. 3:21-4(i) (providing "[a]fter imposing sentence," the trial court "shall advise the defendant of the right to appeal" and "of the time limitations in which to file petitions for [PCR]").

In his supporting certification, defendant asserted he "did learn about [PCR] when [he] was incarcerated" but assumed "the five-year time bar beg[an] running when . . . all the appellate proceedings . . . concluded," suggesting defendant was aware of his PCR rights and the associated time bar but misunderstood when it began. However, such misunderstandings do not constitute excusable neglect sufficient to warrant relaxation of Rule 3:22-12. See State v. Murray, 162 N.J. 240, 246 (2000) ("[The d]efendant's assertion that he lacks sophistication in the law does not satisfy the exceptional circumstances required."); see also Dugan, 289 N.J. Super. at 22 (rejecting the "defendant's argument that his delay was 'excusable' because he relied on his view that Rule 3:22-12 gave him five years after entry of the amended judgments of conviction to file his [PCR] petition").

We conclude that, under the circumstances, defendant failed to show excusable neglect for the late filing of the petition attacking his convictions. "[D]efendant's delay in filing his petition was significant, and the State would be substantially prejudiced if it were required to oppose defendant's petition and, if he were successful, to retry him for the underlying crimes this many years after the events in question." Dugan, 289 N.J. Super. at 21.

Furthermore, defendant's IAC claims would have been unlikely to succeed even if pursued in a timely manner. Defendant reprises his claims he was deprived of effective assistance of counsel by his attorney waiving his right to a jury trial and committing critical errors, including failing to give notice of a self-defense claim, missing a hearsay objection identifying defendant as the suspect, failing to investigate or call the mutual girlfriend as a witness, and failing to file motions to suppress his statement and for judgment of acquittal at the close of the State's case. However, to establish a prima facie IAC claim, a defendant must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); State v. Fritz, 105 N.J. 42, 49-58 (1987) (adopting the Strickland standard in New Jersey).

Here, because counsel's decision to waive a jury trial was grounded in consideration of the particular facts and circumstances of defendant's case, counsel's decision was strategic and of the type that is "virtually unchallengeable" under Strickland, 466 U.S. at 690. As to the purported trial errors, defendant failed to show prejudice, and "[i]t is not [IAC] for defense counsel not to file a meritless motion." State v. O'Neal, 190 N.J. 601, 619 (2007). Finally, defendant provided no affidavit or certification concerning

12

what the missing witness would have testified to, rendering his argument a "bald assertion." See State v. Cummins, 321 N.J. Super. 154, 170 (App. Div. 1999) ("[A defendant] must do more than make bald assertions that he [or she] was denied the effective assistance of counsel."). "Therefore, the denial of defendant's petition as untimely does not result in an 'injustice' sufficient to warrant a relaxation of Rule 3:22-12." Dugan, 289 N.J. Super. at 22.

We thus affirm the PCR judge's denial of defendant's PCR petition, but for reasons other than those expressed by the judge. See State v. Adubato, 420 N.J. Super. 167, 176 (App. Div. 2011) ("[B]ecause an appeal is taken from a trial court's ruling rather than reasons for the ruling, we may rely on grounds other than those upon which the trial court relied.").

> Specifically, we hold that defendant is barred from seeking PCR because his first petition was filed "more than [five] years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged," and because he failed to allege facts showing that the delay was due to excusable neglect and "that there is a reasonable probability that if [his] factual assertions were found to be true[,] enforcement of the time bar would result in a fundamental injustice." R. 3:22-12(a)(1)(A).
>
> [Brown, 455 N.J. Super. at 471 (all but first alteration in original).]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division